# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| DERRICK ANTWOIN JOHNSON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| DON HINSLEY, Correction | : | CIVIL ACTION NO. |
| Officer, | : | 2:09-CV-0180-RWS-SSC |
| DOCTOR CHETTA, Jackson | : | |
| County Correction Institution P.A., | : | |
| WARDEN JOHNNY WEAVER, | : | |
| DARRELL HAMPTON, Jackson | : | |
| County Manager, | : | |
| LARRY GULTHRY, Jackson | : | |
| County Road Supervisor, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, Derrick Antwoin Johnson, an inmate at Muscogee County Prison, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint (Doc. No. 1) for screening pursuant to 28 U.S.C. § 1915A.

**I.  28 U.S.C § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official

to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

AO 72A
(Rev.8/82)

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C.

§ 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   Discussion

Plaintiff brings this action against Don Hinsley, correction officer; Doctor Chetta, "P.A/Doctor" at Jackson County Correction Institution (JCCI); Warden Johnny Weaver; Darrell Hampton, Jackson County Manager; and Larry Gulthry, Jackson County road supervisor. (Doc. No. 1 ¶ III.) Below is a summary of the relevant facts, as alleged by Plaintiff. On September 12, 2008, Plaintiff was on a work detail at JCCI, laying a water pipe. While Plaintiff's back was turned, Hinsley pulled a backhoe next to Plaintiff, and let down the backhoe's "out rigg" on Plaintiff's right foot, crushing his foot.[1] Supervisor Jeff Bridges was called to take Plaintiff to "medical," and Bridges notified Gulthry of the incident. After a nurse in "medical" gave Plaintiff pain medication, he immediately was transported to the Medical Center in Commerce, Georgia. (Id. ¶ IV.) At that facility, Dr. Kirk T. Brown x-rayed Plaintiff's foot, determined it was badly fractured and his big toe was broken, and recommended that

---

[1] Hinsley is blind in his left eye and previously has hit inmates while operating heavy machinery. (Doc. No. 1, Statement of Claims at 2.)

4

JCCI take Plaintiff within two to three days to an orthopedic specialist to check the tissue and nerves for damage and to provide a cast or splint. (Id.) Plaintiff returned to JCCI and saw Dr. Chetta six days later, on September 18, 2008. (Id.) Dr. Chetta ignored both of Dr. Brown's recommendations. Although Nurse Ronnie Jones "clearly opposed . . . the delib[erate] delays," Dr. Chetta did not send Plaintiff to an orthopedic specialist until twenty-three days later. (Doc. No. 1, Aff. at 1-2.) On October 2, 2008, Dr. Chetta saw Plaintiff again, cut open Plaintiff's foot to relieve swelling, realized "the seriousness of his error," and scheduled Plaintiff to see the orthopedic doctor. (Doc. No. 1, Statement of Claims at 1.) The orthopedic doctor, Dr. Leon R. Hubrick, concluded that the nerve and tissue in Plaintiff's foot was badly damaged, was concerned why Plaintiff was "just now" seeing a orthopedic doctor, and scheduled Plaintiff for another appointment in three to four weeks. (Id.) Plaintiff was transferred before he made that appointment. (Id.)

Plaintiff asserts that deliberate indifference by Defendants and the delay in treatment has caused damage to the nerves in his right foot and complete loss of feeling in a portion of his foot and two toes. (Id. at 1, 7.) Plaintiff seeks injunctive relief (to enjoin Hinsley from operating heavy equipment around inmates and to require Hinsley to have his eyes tested) and damages. (Doc. No. 1 ¶ V.) Plaintiff seeks damages from

5

Hinsley for negligently[2] operating heavy machinery and causing Plaintiff's injuries. (Doc. No. 1, Statement of Claims at 2.) Plaintiff seeks damages from Dr. Chetta for medical negligence and for willfully ignoring Dr. Brown's recommendations and cutting his foot open before following up with Dr. Brown. (Id. at 2-3.) Plaintiff seeks damages from Warden Weaver for negligently failing to provide adequate supervision, to prohibit Hinsley from operating heavy machinery, to properly investigate the incident, and to protect Plaintiff, and for transferring Plaintiff before he received proper treatment. (Id. at 3-4.) Plaintiff seeks damages from Gulthry for negligently failing to provide adequate supervision and to prohibit Hinsley from operating heavy machinery when he knew that Hinsley was blind in one eye. (Id. at 4-5.) Plaintiff seeks damages from Hampton for failing to implement any sort of investigation into Plaintiff's injury (although he should have been aware that Hinsley is blind in one eye and caused Plaintiff's injury), failing to implement safe procedures to protect Plaintiff and others who may be in harms way, and, in his supervisory position, failing to ensure proper training and fitness to operate heavy machinery. (Id. at 5-6.)

---

[2] In determining deliberate indifference, the Court looks to the underlying facts alleged by Plaintiff and not to his conclusory use of the words negligent and negligence.

6

### A. Injunctive Relief

A claim for injunctive relief generally becomes moot when the prisoner is transferred to a different facility. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (stating that, in general, "a prisoner's transfer or release from jail moots his individual claim for declaratory and injunctive relief"). Plaintiff is no longer incarcerated at the JCCI, and his claims seeking injunctive relief shall be dismissed as moot.

### B. Hinsley's Operation of Heavy Machinery

Prison conditions are subject to "scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment prohibits deliberate indifference to a prison condition that deprives an inmate of essential human needs such as reasonable safety. Helling v. McKinney, 509 U.S. 25, 31-32 (1993). To state an Eighth-Amendment prison-conditions claim, the plaintiff must allege: (1) prison conditions that are "sufficiently serious" and (2) deliberate indifference by the defendant prison official. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "Negligence does not suffice to satisfy this standard." Id. A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to

7

inmate health or safety." Farmer, 511 U.S. at 837. The conditions alleged must be extreme, posing an excessive or substantial risk of serious harm. Id. at 834.

A substantial risk of serious harm is inherent in operating heavy machinery in disregard of one's propensity to have accidents while doing so. Plaintiff's allegations – that Hinsley is blind in his left eye, operated the backhoe although he previously had hit inmates while operating heavy machinery, and injured Plaintiff – appear to show deliberate indifference rather than simple negligence on the part of Hinsley, and his damage claims against Hinsley shall be allowed to proceed.

**C.     Dr. Chetta**

Plaintiff contends that Dr. Chetta willfully ignored Dr. Brown's recommendations. (Doc. No. 1, Statement of Claims at 2-3.) The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference, a plaintiff must show (1) an objectively serious medical need and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Deliberate "indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or

delaying access to medical or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

Plaintiff's condition, as alleged, qualifies as a serious medical need. Further, Plaintiff's allegations that Dr. Chetta's treatment consisted of willfully ignoring Dr. Brown's recommendations and cutting Plaintiff's foot open to relieve swelling, is enough, at this stage of the proceeding, to show deliberate indifference to a serious medical need. Accordingly, Plaintiff's claims against Dr. Chetta shall be allowed to proceed.

### D. Warden Weaver

Plaintiff has alleged that Warden Weaver (1) failed to provide adequate supervision, to prohibit Hinsley from operating heavy machinery, to properly investigate the incident, and to protect Plaintiff, and (2) transferred Plaintiff before he received proper treatment. (Doc. No. 1, Statement of Claims at 3-4.)

A supervisor has no respondeat superior liability for the misconduct of subordinates and is not liable under § 1983 for damages or injunctive relief unless "the supervisor personally participates in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

9

A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if "facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" Id.

Further, the Constitution does guarantee the right to be "placed in any particular prison." Meachum v. Fano, 427 U.S. 215, 224 (1976). There is "no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different facility." Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Montanye v. Haymes, 427 U.S. 236 (1976)). Further, the failure to investigate an accident/incident, without more, does not violate any constitutional rights. See Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983) (quoting Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982), "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order.").

Plaintiff does not allege any direct responsibility or knowledge on the part of Weaver in regard to Plaintiff's accident, Hinsley's prior accidents while operating heavy machinery, or Plaintiff's medical care. Thus, Plaintiff has not shown the causal

10

AO 72A
(Rev.8/82)

connection necessary to hold Weaver liable as a supervisor. See Cottone, 326 F.3d at 1360. Further, Plaintiff does not allege that Weaver transferred Plaintiff to a facility that Weaver knew would deprive Plaintiff of medical care, i.e., the transfer does not demonstrate deliberate indifference to a serious medical need, and the transfer otherwise does not violate Plaintiff's constitutional rights. See Meachum, 427 U.S. at 224. Additionally, Weaver's post-accident failure to investigate, without more, does not show a constitutional violation. See Wright, 715 F.2d at 1516. Accordingly, Plaintiff's claims against Weaver fail.

### E. Gulthry

Plaintiff has alleged that Gulthry negligently failed to provide adequate supervision and to prohibit Hinsley from operating heavy machinery when he knew that Hinsley was blind in one eye. (Doc. No. 1, Statement of Claims at 4-5.)

The law stated earlier applies. Plaintiff alleges no direct responsibility on the part of Gulthry in regard to Plaintiff's accident or medical care. Neither does Plaintiff alleged the necessary causal connection whereby Gulthry can be held liable. See Cottone, 326 F.3d at 1360. Plaintiff does not allege that Gulthry had any knowledge of Hinsley's prior accidents while operating heavy machinery. The most Plaintiff alleges is that Gulthry knew that Hinsley was blind in one eye. At worst, Gulthry was

11

negligent in allowing Hinsley to operate heavy machinery. Negligence, however, does not show deliberate indifference. See Chandler, 379 F.3d at 1289. Accordingly, Plaintiff's claims against Gulthry fail.

### F. Hampton

Plaintiff has alleged that Hampton failed to implement any sort of investigation into Plaintiff's injury (although he should have been aware that Hinsley is blind in one eye and caused Plaintiff's injury), failed to implement safe procedures to protect Plaintiff and others who may be in harms way, and, in his supervisory position, failed to ensure proper training and fitness to operate heavy machinery. (Doc. No. 1, Statement of Claims at 5-6.)

The law stated earlier applies. Plaintiff alleges no direct responsibility or knowledge on the part of Hampton in regard to Plaintiff's accident, Hinsley's prior accidents while operating heavy machinery, or Plaintiff's medical care. Thus, Plaintiff has not shown the causal connection necessary to hold Hampton liable as a supervisor. See Cottone, 326 F.3d at 1360. Further, Hampton's failure to investigate Plaintiff's injury, without more, does not show a constitutional violation. See Wright, 715 F.2d at 1516. Additionally, the failure-to-train claim fails because Plaintiff alleges nothing to show that Hampton was on notice of Hinsley's prior accidents or that the heavy-

12

machinery training was deficient. See West v. Tillman, 496 F.3d 1321, 1331-32 (11th Cir. 2007) (holding that, absent facts showing that a supervisor ignored a known need for a different type of training, there is no liability for failure to train). Thus, Plaintiff's claims against Hampton also fail.

## III. Conclusion

For the reasons given,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, all injunctive relief claims are **DISMISSED**, and that Johnny Weaver, Darrell Hampton, and Larry Gulthry are **DISMISSED**.

**IT IS ORDERED** that Plaintiff's claims against Don Hinsley and Doctor Chetta are **ALLOWED TO PROCEED** as in any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for each remaining Defendant, Hinsley and Doctor Chetta. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for those Defendants. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

13

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant, Hinsley and Doctor Chetta. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk shall retain the USM 285 form(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an

14

executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Prisoner civil rights cases are automatically assigned to a zero-month discovery track. If either party determines that discovery is required, that party, within thirty days of the first Defendant's appearance by answer, should file a motion requesting a discovery period.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED,** this  12th  day of March, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

16